IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD WILSON and
LISA WILSON

      Plaintiffs,

   -vs-                                                             No. CIV 97-1288 JC/JHG

BOYD MAZER and CARMEN
MAZER, d/b/a NORTH COURT
MOBILE HOME PARK,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came on for consideration of Plaintiffs' Motions and Amended Motion for Default Judgment filed January 5 & 6, 1998 (Docket Nos. 7, 9, 10 & 12). The Court has reviewed the motions, the memorandum submitted by Plaintiffs, the relevant authorities, and heard damages testimony at a hearing on February 24, 1998. The Court finds that the motions filed against Carmen Mazer and Boyd Mazer (Docket Nos. 10 & 12) are well taken and will be **granted**. The Court further finds that the motion filed against North Court Mobile Home Park (Docket No. 7) will be **denied**.

### Background

Plaintiffs filed their Complaint for Declaratory Judgment, Permanent Injunctive Relief, and Damages (Docket No. 1) on September 30, 1997. The Complaint was brought under three separate causes of action: (1) the Fair Housing Act ("FHA"); (2) "Public Policy Termination"; and (3) prima facie tort. A summons and the Complaint were served on Defendant Carmen Mazer on December

4, 1997, and on Defendant Boyd Mazer on December 8, 1997. A summons and Complaint were also served on Carmen Mazer and Boyd Mazer, d/b/a North Court Mobile Home Park ("North Court") on December 4, 1997. Each summons contained language requiring an answer to the Complaint within 20 days. The summons' also stated that failure to answer would result in a "judgment by default . . . for the relief demanded in the complaint."

Defendants did not answer the Complaint.[1] Consequently, Plaintiffs filed an Affidavit for Entry of Default, a Request to Enter Default, and a Motion for Default Judgment for each of the Defendants.[2] On January 9, 1998, an Entry of Default was entered by the Clerk, and a hearing on damages was set for 10:00 a.m. on February 24, 1998. Notice of the hearing and the Entry of Default were mailed to Defendants.

On February 10, Defendants each filed a "Notice of [sic] to Default." (Docket Nos. 17, 18, & 19). In their "Notice of to Default," Defendants stated that Plaintiffs had not answered their demand for a more definite statement. Defendants also claimed the Court lacked subject matter jurisdiction.

On February 24, approximately one hour before the scheduled hearing on damages, Defendants each filed affidavits stating: "This is not Me. I do not have an understanding of this."

---

[1] Defendants did send a Demand for More Definite Statement to Plaintiffs on January 2, 1998. However, Defendants did not file the Motion following Plaintiffs' response. Furthermore, the Demand was made after the expiration of the 20-day window. Thus, there was never a presentation or submission to the Court; Defendants did not make an appearance. See 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2686 (2d ed. 1983).

[2] A Motion for Default Judgment was also filed against North Court (Docket No. 7). North Court is technically not a Defendant in this case. North Court is merely the name Defendants Carmen and Boyd Mazer are doing business under. Thus, the Motion for Default Judgment against North Court will be denied as moot.

Attached to the affidavits were copies of the Court's Notice of Hearing.  Defendants did not appear at the 10:00 a.m. hearing.  During the hearing, testimony was taken from each of the Plaintiffs regarding the damages they incurred.

**Analysis**

Federal Rule of Civil Procedure 55(b) sets out a two-step process for a party seeking a default judgment.  See Fed.R.Civ.P. 55(b).  First, the party must obtain the Clerk's entry of default against the opposing party.  This is accomplished by notifying the court through an affidavit "or otherwise" that the opposing party has failed to plead or defend the lawsuit.  Fed.R.Civ.P. 55(a); see also Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).  Second, the party must actually move the Court to enter the default judgment.  Fed.R.Civ.P. 55(b)(2); see also Meehan, 652 F.2d at 276.

Default judgments are disfavored because they make use of the Court's power to enforce judgments without an actual determination on the merits.  Obviously, resolution of disputes on the merits is the preferred outcome for all cases.  There are, however, times when a party's blatant disregard for the Court's rules and procedures make a default judgment appropriate.  In this case, default judgment is appropriate because Defendants have thumbed their noses at the Court and the legal process.  Defendants did not file an answer to Plaintiffs' Complaint; they filed frivolous "Notice[s] of to Default" following the Clerk's entry of default; they filed affidavits claiming they were not parties to the case, and that they did not have an understanding of the case; and, finally, they did not attend the scheduled hearing.  It has also come to the Court's attention that Defendants recently had a default judgment entered against them by the Honorable Lorenzo F. Garcia for similar violations of the rules of civil procedure and Court directives.  See Apodaca v. Mazer,

No. CIV 97-1019 LH/LFG (D.N.M. filed Jan. 20, 1998). Consequently, default judgment will also be granted in this case.

I find that both Defendants coerced and intimidated Plaintiffs to turn away and deny housing to families with children at North Court, in violation of the FHA. See 42 U.S.C. § 3617. From the testimony taken at the February 24 hearing, I find that Plaintiffs each suffered $500 in mental distress and emotional anguish from Defendants' intimidation and coercion. Cf. United States v. Balistrieri, 981 F.2d 916, 932 (7th Cir. 1993). I also find that Plaintiffs were forced to leave their jobs at North Court because of the harassment. I find that Plaintiffs did not incur any lost salary when they left. Plaintiffs were better compensated at Vista del Sol--even with the added child care expense. I find that Plaintiffs suffered $300 in out-of-pocket moving expenses when they had to leave North Court. I further find that Defendants' conduct was wanton and malicious. Mr. and Mrs. Mazer knew they were violating the FHA--Plaintiffs kept telling them of the illegality. Consequently, punitive damages in the amount of $1,000 will be awarded to Plaintiffs. See 42 U.S.C. § 3613(c)(1). Reasonable attorney's fees and costs will also be awarded to Plaintiffs. See 42 U.S.C. § 3613(c)(2).

IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment (Docket No. 7) is **denied**. Plaintiffs' Motion for Default Judgment against Mr. Mazer (Docket No. 12) and Amended Motion for Default Judgment against Mrs. Mazer (Docket No. 10) are hereby **granted**. Default Judgments in accordance with this opinion shall be entered this day.

**DATED** this 27th day of March, 1998

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

|  |  |
|---|---|
| Counsel for Plaintiffs: | Jane L. Yee & Cindy Domingue-Hendrickson |
|  | Legal Aid Society of Albuquerque, Inc. |
|  | Albuquerque, New Mexico |
|  |  |
| Defendants are <u>pro se</u>: | Boyd and Carmen Mazer |
|  | Albuquerque, New Mexico |